

IN THE
TENTH COURT OF APPEALS

No. 10-17-00108-CV

IN THE MATTER OF THE MARRIAGE OF
ANGELINA SANDOVAL AND ANGEL SANDOVAL,
AND IN THE INTEREST OF A.M.S., A CHILD

From the 378th District Court
Ellis County, Texas
Trial Court No. 93422D

## DISSENTING OPINION

The differentiation between what is a residence and a domicile has long been a source of litigation in Texas. But there is a new term relevant to this dispute; a person's usual place of "abode." The process server and the Court have a distinctly different view of what that term means than I do, and it apparently matters in this proceeding. Let me explain.

The Court has recited the full affidavit of the process server, and I will not repeat it in this dissenting opinion. The Court finds that the affidavit "provided probative evidence that the Fort Worth Address was Angel's usual place of abode or other place where he could probably be found." Slip Op. at 12.

I find nothing probative in the affidavit that the Fort Worth address was Angel's usual place of "abode" or any evidence at all that it was a place he could "probably" be found. In fact, I find the probative value of the affidavit is diametrically opposed to the conclusory statement in the affidavit and the finding of the Court.

The process server documents in the affidavit four conversations he had about the whereabouts of Angel. The person identified as Angel's mother said Angel was in Mexico, and she did not know if or when he would be returning to the United States. The person identified as Angel's brother said Angel "did" live at the address in Fort Worth but was currently in Mexico, and he did not know when he would be returning. The person identified as Angel Sandoval said he was in Mexico and did not know when he would be returning to the United States. The person identified as the wife getting the divorce from Angel said she was aware Angel was in Mexico, and she did not know when he was going to return.

Each of the four persons affirmatively stated Angel was in Mexico, and they did not know when he would return. Thus, I find absolutely nothing in the process server's affidavit that supports a conclusion that Angel's "abode" was in Fort Worth or that it was a place where he could "probably be found" as the Court has concluded. The closest thing to support for the conclusion reached by the Court is the statement that Angel "did" live at the Fort Worth address. Note, however, that the process server indicated that the brother used the term "did" live there, as in past tense. None of the four, the brother, the mother, the wife, or Angel himself, stated that he "does" currently live at that address or that he would soon return.

The Court notes that there was no indication from Angel that he would not be returning to the Fort Worth house. But there was no evidence that he would be returning to the house either. And there is compelling evidence that he could not be found at that location.[1] The Court also notes that Angel presented no evidence contrary to its conclusion that Fort Worth was his usual place of "abode" or that Angel could "probably be found" there. Of course Angel did not present any contrary evidence. He had not been served. He did not know about the hearing on alternate service. He was not at the hearing. He was in Mexico!

In an effort to move this opinion along as quickly as I can, I have not gone into an extensive discussion of the case authority or other issues in this dissenting opinion. And there are other problems with the Hague Convention and *Craddock* issues, but because of the failure to show compliance with Rule 106 as is necessary to support alternate service on Angel, I would reverse the trial court's judgment and remand for a new trial. Because the majority does not, I respectfully dissent.[2]

TOM GRAY
Chief Justice

---

[1] I also note that, according to the opinion, the Court authorized service by publication and by an additional method. So, I must ask: Where is the attorney ad litem which must be appointed when service by publication is authorized? *See* TEX. R. CIV. P. 109(a).

[2] I note, as a sub-issue in the *Craddock* analysis, that the issue in this case is about divesting Angel of real property, a home in which his mother lives for which he and his sister signed the purchase money note and the record shows was acquired almost two years before the marriage, that is separate property as a matter of law. The uncontroverted evidence from the motion for new trial establishes that Angel had been outside of the United States for five years at the time of the divorce in 2017, but yet the house and everything in it was awarded to Angelina by the divorce decree. I would give the trial court the opportunity to fix this blatant error in the property division as described above.

Dissenting opinion delivered and filed August 14, 2019

